**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LOIS LAMA-WOLOBAH, as Personal Representative of the Estate of H.W., <br><br> Plaintiff, <br><br> v. <br><br> PAQUI, LLC, AMPLIFY SNACK BRANDS, INC., THE HERSHEY COMPANY, WALGREEN EASTERN CO., INC. d/b/a Walgreen #03151, WALGREENS OF MASSACHUSETTS, LLC, JAMES CONNOLLY, and JANE DOE, <br><br> Defendant. | Civ. No.: 4:24-cv-12016-MRG |

**OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 53]; SEPARATE FINAL JUDGMENT [ECF. No. 54]; CERTIFICATION OF QUESTIONS OF LAW [ECF No. 55]; MOTION FOR INTERLOCUTORY APPEAL [ECF No. 56]; DEFENDANTS' MOTIONS TO DISMISS [ECF No. 61, 63]; DEFENDANTS' MOTION TO STRIKE AMENDED COMPLAINT [ECF No. 66]; DEFENDANTS' MOTION FOR JOINDER [ECF No. 68]; and DEFENDANTS' MOTION TO STRIKE SUR-REPLY [ECF No. 85].**

**GUZMAN, J**

Plaintiff Lois Lama Wolobah is the mother of minor H.W. and sues Defendants in a wrongful death action involving the Paqui "One-Chip Challenge" chip. After the Court denied Plaintiff's Motion for Remand and dismissed an individual store clerk from this action, [ECF No. 52], Plaintiff filed numerous motions seeking reconsideration, appeal, and certification of questions of law. Before the Court are Plaintiff's motion for reconsideration, [ECF No. 53]; motion to separate final judgment as to James Connolly, [ECF No. 54]; motion for certification of question of law to the Massachusetts Supreme Judicial Court, [ECF No. 55]; and, a motion for interlocutory

1

appeal, [ECF No. 56]. Additionally, before the Court, are Defendants' motions to dismiss, [ECF Nos. 61, 63]; motion to strike amended complaint, [ECF No. 66]; motion for joinder, [ECF No. 68]; and, motion to strike sur-reply to the motion to dismiss, [ECF No. 85]. As these motions are founded on similar legal arguments and facts, the Court will analyze each motion within the Omnibus order in turn.

## I.    BACKGROUND

The Court will not recite the facts in full here. For purposes of these motions, the relevant facts include that Plaintiff filed a wrongful death and product liability suit after her son, H.W. ate a piece of the Paqui One Chip Challenge Chip and subsequently died later that evening due to respiratory and cardiac complications. All facts and analyses should be read in combination with the Court's concurrent order, [ECF No. 88] which addresses the Defendants' Motions to Dismiss, [ECF Nos. 72, 74] related to the operative Amended Complaint, [ECF No. 65].

### A.    PROCEDURAL HISTORY

Plaintiff filed this action in the Superior Court of Suffolk County, Massachusetts on July 11, 2024. [ECF No. 1]. On August 5, 2024, Defendants filed a Notice of Removal. [Id.] Plaintiff timely filed a Motion to Remand, [ECF No. 37], which was opposed by Defendants, [ECF No. 39]. In their notice for removal and their opposition to remand, the Defendants asserted that Plaintiff fraudulently joined Defendants James Connolly and Jane Doe, who are residents of Massachusetts, for the sole purpose of defeating diversity jurisdiction. [Pl. Compl., ¶¶ 2–6, ECF No. 1-1; ECF No. 39 at 5–12]. On June 30, 2025, the Court denied the Motion to Remand and dismissed James Connolly and Jane Doe from the action on the basis of fraudulent joinder. [ECF No. 52]. That Order prompted the numerous motions before the Court which were filed by the parties in the following weeks.

**II.**    **Plaintiff's Motion for Reconsideration [ECF No. 53]**

After the Court denied the Plaintiff's motion to remand and dismissed the non-diverse parties, Plaintiff filed a motion for reconsideration arguing that the court "misapprehended the gravamen of the Plaintiff's claim and its governing law." [ECF No. 53 at 4].

It is well established that reconsideration under Federal Rules of Civil Procedure 59(e) and 60 are not available when the judgment to be reconsidered was not final. Mazza v. City of Bos., 780 F. Supp. 3d 325, 329 (D. Mass. 2025) (citing first Barrows v. Resol. Tr. Corp., 1994 WL 643309, at *3 (1st Cir. 1994) ("Rule 59(e) . . . applies only to final judgments"); and then Farr Man & Co. v. M/V Rozita, 903 F.2d 871, 874 (1st Cir. 1990) ("Rule 60 applies only to final judgments.")). "In the absence of a specific rule applicable to non-final judgments, district courts retain an 'inherent power' to reconsider and amend prior orders 'at any time' before the entry of final judgment." Id. at 330 (quoting first Fernandez-Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008); and then Pure Distributors, Inc. v. Baker, 285 F.3d 150, 156 (1st Cir. 2002)). A motion for reconsideration for a non-final order may only be granted when the moving party can "demonstrate that one of three 'limited' circumstances applies by 1) presenting the Court with 'newly discovered evidence,' 2) offering an 'intervening change in applicable law' that is controlling or 3) asserting that the Court's prior order suffers from 'a manifest error of law' or 'was clearly unjust.'" Id. (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)). Motions for reconsideration are granted sparingly. United States ex. Rel. Nargol v. Depuy Orthopaedics, Inc., 69 F.4th 1, 11 (1st Cir. 2023) (citing Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). A motion for reconsideration is not an occasion for parties to "'rehash arguments previously rejected or to raise ones that' could or should have been made before a judgment was issued." Karimpour v. Stanley Black & Decker, Inc., 779 F. Supp. 3d 68, 70 (D. Mass. 2025) (quoting Soto-Padró v. Pub.

3

Bldgs. Auth., 675 F.3d 1, 9 (1st Cir. 2012)). Mere disagreement with the reasoning or outcome of a judicial decision does not warrant reconsideration. Ofori v. Ruby Tuesday, Inc., 205 Fed. App'x 851, 852–53 (1st Cir. 2006).

Plaintiff's motion for reconsideration is not predicated on any changes in controlling law, the existence of newly available evidence, or a clear error of law made by the Court. The bulk of the Plaintiff's memorandum repeats the same arguments she made in prior filings and at oral argument. Chief among those arguments is that the Court should impose individual liability on a general manager of a Walgreens whose employee sold a non-restricted retail food product to a minor, a third-party in this action, who then later gave the chip to the decedent. The argument was presented to the Court by filings and oral argument. These arguments were thoroughly considered and rejected by this Court in its Order denying the Motion to Remand. [ECF No. 52].

Plaintiff argues that due to the Court's grave error of dismissing James Connolly, and therefore attaining subject matter jurisdiction, the parties will inappropriately litigate this issue in federal court against the remaining Defendants and then be burdened with *re-litigating* this case at a later date to include James Connolly. [ECF No. 53 at 4–5]. There is no burden on the Plaintiff to re-litigate this case after receiving an appropriate judgment on the merits of these issues. Under Massachusetts law, multiple defendants in a tort action may be "jointly and severally liable if they negligently contribute to the personal injury of another by their several acts which operate concurrently, so that in effect the damages suffered are rendered inseparable." Gorfinkle v. U.S. Airways, Inc., 431 F.3d 19, 22 (1st Cir. 2005) (quoting O'Connor v. Raymark Indus., 518 N.E.2d 510, 513 (Mass. 1988)). The dismissal of a dispensable party does not prejudice remaining defendants, or "potential joint tortfeasors" within the action. Id. Therefore, Plaintiffs argument that they would be burdened with re-litigating this case is unpersuasive.

Plaintiff additionally argues that the Court imposed an unreasonable burden onto the Plaintiff, requiring detailed evidence that there was a connection between Connolly and the decedent, and that in reality, the burden to prove federal jurisdiction rests with the Defendants who removed to federal court. [ECF No. 53 at 5]. Plaintiff is correct that it was the Defendants' burden to prove federal jurisdiction. The Court determined that the burden was satisfied and outlined its decision in detail in the previous order. [See ECF No. 52 at 7–10]. As discussed in the Court's Order, when reviewing fraudulent joinder, the standard is similar to a motion to dismiss plausibility standard. In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015). Based on the current law in the First Circuit and Massachusetts specifically, Plaintiff's arguments to maintain negligence claims against James Connolly were unpersuasive and properly dismissed. [See ECF No. 52 at 7–10]. This analysis is further supported in the Court's concurrent Order which details the Court's perspective on the pending negligence claims against the Walgreens Defendants. [ECF No. 88].

Plaintiff is not entitled to a motion for reconsideration simply because the Court did not rule in her favor. "Generally, a motion for reconsideration is not a vehicle for giving an unhappy litigant an additional chance to sway the judge, nor is it intended to allow a party to make arguments already presented to, and rejected by, the court." Froudi v. U.S., 22 Cl. Ct. 290, 300 (1991).

To the extent that Plaintiff makes new arguments regarding a separate state-court action against Mr. Connolly, those arguments could and should have been presented to the Court prior to its ruling. Indeed, every legal authority cited by Plaintiff in the memorandum in support of her Motion for Reconsideration was available to her at the time she drafted her initial motion to remand. United States v. Medoff, 733 F.Supp.3d 19, 24 (D. Mass. 2024) ("A court should not grant

5

a motion to reconsider when the evidence offered in the motion to reconsider was available to the movant 'at the time the original motion was filed.'" (quoting United States v. Allen, 573 F.3d 42, 54 (1st Cir. 2009)).

Therefore, Plaintiff's Motion for Reconsideration, [ECF No. 53], is **DENIED**.

**III.   Plaintiff's Motion for Separate Final Judgment [ECF No. 54]**

Plaintiff moves this Court for the entry of separate final judgment on Plaintiff's claims against Defendant James Connolly, arguing that the Court's Order "clearly involves a 'controlling question of law,'" and that the final judgment and subsequent appeal is required for "reasons of judicial economy." [ECF No. 54 at 3].

Under Fed. R. Civ. P. 54(b), "the court may direct entry of a final judgment as to one or more [parties], but fewer than all, . . . parties *only if* the court expressly determines that there is no just reason for delay." (emphasis added). The purpose of Rule 54(b) is to "allow an immediate appeal from that judgment in situations where, otherwise, a party would have to await a final judgment adjudicating all claims between the parties in an action, and because of such delay and the inability to appeal, the party would suffer a hardship." Chapman v. Bernard's Inc., 198 F.R.D. 575, 579 (D. Mass. 2001) (quoting Sullivan v. Bankhead Enters., Inc., 108 F.R.D. 378, 381 (D. Mass. 1985)). When determining whether to grant an entry of a final judgment, "the trial court must first assess the finality of the disputed ruling," in that, "at a bare minimum, [the ruling] disposes fully 'of at least a single substantive claim.'" Spiegel v. Trustee of Tufts College., 843 F.2d 38, 42–43 (1st Cir. 1988) (quoting first Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980); and then Acha v. Beame, 570 F.2d 57, 62 (2d Cir. 1978)).

The First Circuit disfavors "piecemeal appeals" and directs courts to employ Rule 54(b) "with great circumspection," using the order for separate final judgments "sparingly." Gonzalez

6

Figueroa v. J.C. Penney P.R. Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009); see Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) (citations omitted) ("It is trite, but true, that piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."). A district court's decision to grant an entry of final judgment is "tilted from the start against fragmentation of appeals, . . . [and] entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of relaxing the usual prohibition against piecemeal appellate review in the particular circumstances." Spiegel, 843 F. 2d at 43.

On appellate review, a Circuit Court will determine whether there is "no just reason for delay," by "examin[ing] 'the sufficiency of the district court's assessment of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." Niemic v. Galas, 286 F. App'x. 738, 739 (1st Cir. 2008) (quoting Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996)). It is improper to grant a 54(b) motion when "[t]he factual underpinnings of the adjudicated and unadjudicated counts are [] inextricably intertwined." Spiegel, 843 F. 2d at 45; see Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1993) (holding that a district court must "carefully compar[e] the dismissed and the unadjudicated claims for indications of substantial overlap – to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact, to the detriment of judicial efficiency."); see also Braswell Shipyards, 2 F.3d 1331, 1335–36 (4th Cir. 1993) (quotation omitted) (noting that a district court should consider ". . . (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous

factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.")

In the present case, there is the remaining issue of negligence against the Manufacturing Defendants. [See ECF No. 88]. Plaintiff brought only claims of Negligence and Gross Negligence (Counts XXVI, XXVII, XXXIII, and XXXIV), against James Connolly and Jane Doe in her Complaint and Amended Complaint. [See Pl. Compl. ¶¶ 326–63; see also First Am. Compl. ¶¶ 532–69, ECF No. 65 (filed after the submission of this motion and prior to the Court's Order on the issue)]. Because there are claims of negligence which remain pending within the case, it would be improper for an appellate court to review the judgment as to James Connolly and Jane Doe separately from the case as a whole, since the facts at bar are inextricably intertwined with the issues which would be introduced to the appellate court. The Court is not convinced that this practice would be in the pursuit of judicial efficiency. Additionally, Plaintiff has failed to prove that she would "suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, 2 F.3d at 1335.

For the above-mentioned reasons, the motion is **DENIED**.

## IV. Plaintiff's Motion for Certification of Question of Law to the Massachusetts Supreme Judicial Court [ECF No. 55]

Plaintiff requests that the Court certify a question of law to the Massachusetts Supreme Judicial Court ("SJC") regarding Connolly's duty of care to H.W. However, Plaintiff does not provide a question of law for the Court's consideration, nor would the answer to her question be determinative to her case.

A federal court may certify a question of law to the SJC when the question of law is "determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decision of the SJC." SJC Rule 1.03 § 1.

The purpose of this certification is not to satisfy a frustrated party who has failed to prevail on a motion at the federal level. Stewart v. Milford-Whitinsville Hosp., 349 F. Supp. 2d 68, 71 (D. Mass. 2004). It is improper to certify issues that are not a question of law, but are questions centered on factual allegations to a specific case. See In Re Zofran (Omdansetron) Prods Liab. Litig., 261 F. Supp. 3d 62, 83 (D. Mass. 2017). Certification of a question of state law to the SJC is "'particularly appropriate' when 'the answers to these questions may hinge on policy judgments best left to the Massachusetts court' and which could benefit future litigations too." Plourde v. Sorin Grp. USA, Inc., 23 F.4th 29, 31 (1st Cir. 2022) (quoting In re Engagne, Inc., 544 F.3d 50, 53 (1st Cir. 2008), certified question answered sub nom. Ropes & Gray LLP v. Jalbert, 910 N.E.2d 330 (Mass. 2009)). "The SJC's rule requests 'a statement of all facts relevant to the question certified,' a description of 'the nature of the controversy in which the question arose,' and a declaration of 'the question of law to be answered.'" Id. (citing Mass. S.J.C. R. 1.03).

Here, Plaintiff filed their motion for SJC certification only after failing to persuade this Court that Connolly was properly joined to this action. See In re Fuller, 642 F.3d 240, 244 (1st Cir. 2011) ("[Plaintiffs] waited until they lost before asking for certification. This is almost always fatal unless the court sees strong policy reasons to insist on certification itself."); Bos. Car Co. v. Acura Auto. Div., Am. Honda Motor Co., 971 F.2d 811, 817 n.3 (1st Cir. 1992) ("[T]he practice of requesting certification after an adverse judgment has been entered should be discouraged." (quoting Perkins v. Clarl Equip., 823 F.2d 207, 210 (8th Cir. 1987))).

In her filings asking the Court to certify a question, Plaintiff did not provide the Court with a distinct question for the SJC's review, nor has she made a persuasive argument to this Court that the issue would be determinative of the claims in this case or benefit future litigants. The Court once more, directs Plaintiff to review the negligence analysis conducted in the concurrent order,

[ECF No. 88], which outlines in greater detail the defects in the pleadings for the claims of negligence against the Walgreens Defendants, which would be pertinent to any evaluation of claims against James Connolly as well.

Accordingly, this Court will exercise its discretion to **DENY** Plaintiff's request for certification. [ECF No. 55].

### V.    Plaintiff's Motion for Interlocutory Appeal [ECF No. 56]

In addition to Plaintiff's filing for a question of law to the SJC, Plaintiff provides almost identical arguments for an interlocutory appeal. Plaintiff argues that the determination of Connolly's duty to H.W. is "a controlling question of law as to which there is substantial ground for difference of opinion." [ECF No. 56 at 1 (quoting 28 U.S.C. § 1292(b))].

In federal court, an interlocutory appeal of an order is permitted *only if* three requirements are satisfied: (i) the "order involves a controlling question of law;" (ii) "there is substantial ground for difference of opinion;" and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). For a district court to grant an interlocutory appeal, all three of these requirements must be satisfied. An interlocutory certification under 28 U.S.C. § 1292(b) "should be used sparingly and only in exceptional circumstances." McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). Here, Plaintiff has failed to meet any of these requirements and the circumstances presented are not exceptional.

As addressed previously in this Order, Plaintiff has failed to identify a controlling question of law to present to another judicial body.[1] Plaintiff provides no case law on point which would support an assertion that there is a substantial ground for difference of opinion in this case, or in support of her theories to contradict the Court's previous Order. [See generally ECF No. 56]. An

---

[1] Supra at Sec. IV.

absence of case law in support of Plaintiff's arguments does not establish sufficient ground for difference of opinion for purposes of certifying an interlocutory appeal. See New England Gen-Connect, LLC v. US Carburetion, Inc., No. 14-CV-13530-IT, 2015 WL 13694424, at *1 (D. Mass. Dec. 8, 2015) ("[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." (quoting White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994)). Finally, it would be improper to allow an interlocutory appeal for this instance, because granting the appeal would not advance this litigation. As noted supra, James Connolly, at most, would be considered a joint tortfeasor who is "jointly and severally liable" for personal injury actions sounding in negligence. Gorfinkle, 431 F.3d at 22. The dismissal of a dispensable party does not prejudice remaining defendants, or "potential joint tortfeasors" within the action. Id. Granting an appeal for this Defendant would not advance this litigation.

Therefore, the motion for an interlocutory appeal, [ECF No. 56], is **DENIED**.

**VI.    Defendants' Motion to Strike Amended Complaint [ECF No. 66]**

After the Court's dismissal of Defendants Connolly and Jane Doe, Plaintiff filed an Amended Complaint including the dismissed parties and advancing their legal arguments in greater detail. [See ECF No. 65]. The Defendants move to strike the portions of the Amended Complaint which reference the previously dismissed parties and attached a proposed order for the Court's consideration. [ECF No. 66]. Plaintiff promptly filed an opposition for the motion to strike asserting three arguments: (1) Plaintiff filed multiple motions in response to the Court's denial of the Motion to Remand which would ultimately impact the parties included in this litigation, (2) the Plaintiff insists on preserving her appellate rights with regard to the claims against the dismissed parties, and (3) Plaintiff argues that "when a claim is dismissed against one party to a multiparty case, the allegations against that party are not stricken from the Complaint, they remain

in the document, even the Counts pleaded against a dismissed defendant may remain in the document." [ECF No. 67 at 1–2].

It is well established that an amended complaint ordinarily supersedes the original and renders the original of no legal effect. Massachusetts ex rel. Powell v. Holmes, 546 F. Supp. 3d 58, 67 (D. Mass. 2021) ("When an amended complaint is filed, it normally supersedes the original complaint. From that point forward, the earlier complaint is a dead letter and no longer performs any function in the case. As a result, pleadings directed to the earlier complaint are a nullity." (internal quotations and citations omitted)). However, courts are split on whether the failure to plead previously dismissed claims waives a plaintiff's right to appeal on those issues. See Young v. City of Mount Ranier, 238 F.3d 567, 572–73 (4th Cir. 2001) ("[A] plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed  claim."); Davis v. TXO Produc. Corp., 929 F.2d 1515, 1518 (10th Cir. 1991) ("We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party . . . . The district court's dismissal of the claim made clear that any attempt by appellant to reallege that claim would be futile." (footnotes and internal citation omitted)); contra Cicchetti v. Lucy, 514 F.2d 362, 365 n. 5 (1st Cir. 1975) ("[A]n amended complaint normally is treated as completely replacing the former pleading, even the residual claim for damages disappeared . . . when the district court granted the motion to amend."); see also In re Cnty. of LaSalle, 169 F.3d 469, 472 (7th Cir. 1999) (citations omitted) (holding that allegations not included in the amended complaint "fell by the wayside.").

Here, the Court sees no error in Plaintiff's inclusion of the dismissed parties in her Amended Complaint, given her pending motions before the Court and her presumed desire for

12

future appeal. If the Court were to grant Plaintiff's motion for reconsideration, or one of her other motions, then she would be correct to include these parties. [ECF No. 67 at 1–2]. Ultimately, the Court did not agree with Plaintiff's arguments in her previous motions. Therefore, Connolly *remains* dismissed from this action and the case remains in this federal court via diversity jurisdiction. However, the Court finds her inclusion of those dismissed parties to be harmless and will allow her to keep allegations relating to those parties in her Amended Complaint, while noting that such inclusion in no way vacates the Court's prior dismissal of Connolly and Jane Doe.

Furthermore, given the fact that the parties have filed superseding motions to dismiss on the Amended Complaint, and because the Court is well aware of its previous rulings, there is no need to strike the Amended Complaint for the inclusion of the dismissed parties. The Court is capable of addressing the relevant pending claims before it.

Therefore, the Defendants' Motion to Strike portions of the Amended Complaint pursuant to the dismissed parties is **DENIED.** The Court will not analyze any claims related to previously dismissed parties.

### VII.    Defendants' Motion for Joinder [ECF No. 68]

Defendants' Walgreen Eastern Co., Inc., and Walgreens of Massachusetts, LLC's Motion for Joinder to join the Manufacturing Defendants' Emergency Motion to Strike the Amended Complaint, [ECF No. 68], is **MOOT** as the Defendants' motion to strike is **DENIED**.

### VIII.    Defendants' Motions to Dismiss [ECF No. 61, 63].

The Defendants' pending motions to dismiss as to the original complaint are **DENIED AS MOOT** since an amended complaint is filed before the Court and is operative in this case. See Massachusetts es. Rel. Powell v. Holmes, 546 F. Supp. at 67 (holding that "pleadings directed to the earlier complaint are a nullity.").

13

IX.     **Defendants' Motion to Strike Sur-Reply [ECF No. 85]**

On December 18, 2025, Plaintiff filed her court-approved sur-reply to the Motion to Dismiss on the Amended Complaint. [ECF No. 84]. In this sur-reply she included new information related to a Food and Drug Administration ("FDA") Freedom of Information Act ("FOIA") request and citations to news sources and medical journals which were not previously introduced for the Court's consideration in the First Amended Complaint or the Plaintiff's opposition to the Motion to Dismiss. [Compare ECF No. 84 with ECF Nos. 65, 76–77]. Defendants filed a motion to strike the sur-reply, arguing that this extra-record material is improperly before the Court at the Motion to Dismiss stage and therefore must be struck from consideration. [ECF No. 85]. The Court agrees with the Defendants.

At the motion to dismiss stage, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). The narrow exceptions to this rule, (1) that the authenticity of the documents are "not disputed by the parties;" (2) that the documents are considered "public records;" (3) that the "documents [are] central to plaintiffs' claim or for documents sufficiently referred to in the complaint," do not apply to this case. Id. (citing Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991)) (citing cases). The safety of capsaicin and the Defendants' knowledge of these dangers are a core issue for the design defect claims which Plaintiff alleges. However, the medical journal articles and reports to the FDA which are attached to the sur-reply, are not expressly incorporated into the First Amended Complaint, nor can they be considered public records. Watterson, 987 F.2d at 3; [See ECF No. 81]. Incorporating this evidence into the Court's

14

current review of the complaint would convert this proceeding to one for summary judgment or a judgment on the pleadings.

The Court agrees with Plaintiff that "[e]nough ink has been spilt on preliminaries." [ECF No. 86 at 2]. The parties will be able to conduct discovery in this case, and on summary judgment, external sources such as those referenced in the sur-reply may be incorporated to substantiate Plaintiff's claims. However, they are improper for a sur-reply on a motion to dismiss, therefore, the motion to strike the sur-reply is **<u>GRANTED</u>**.

---

## X.    CONCLUSION

The Court makes the following rulings, as described above, indicated in the chart below.

| DKT # | MOTION | RULING |
|---|---|---|
| ECF No. 53 | Motion for Reconsideration | **DENIED** |
| ECF No. 54 | Motion Separate Final Judgment | **DENIED** |
| ECF No. 55 | Motion for Certification of Question of Law to MA SJC | **DENIED** |
| ECF No. 56 | Motion for Interlocutory Appeal | **DENIED** |
| ECF No. 61 | Motion to Dismiss, Manufacturing Defendants | **MOOT** |
| ECF No. 63 | Motion to Dismiss, Walgreens Defendants | **MOOT** |
| ECF No. 66 | Emergency Motion to Strike | **DENIED** |
| ECF No. 68 | Motion for Joinder | **MOOT** |
| ECF No. 85 | Motion to Strike Sur-reply to Motion to Dismiss | **GRANTED** |

SO ORDERED.

Dated: March 31, 2026

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

16