**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LOIS LAMA-WOLOBAH, as personal representative of the estate of HARRIS WOLOBAH,<br>Plaintiff,<br><br>v.<br><br>PAQUI, LLC, AMPLIFY SNACK BRANDS, INC., THE HERSHEY COMPANY, WALGREEN EASTERN CO., INC. doing business as Walgreen # 03151, WALGREENS OF MASSACHUSETTS, LLC, JAMS CONNOLLY and JANE DOE,<br><br>Defendants. | Civ. No.: 4:24-cv-12016-MRG |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL [ECF No. 115].**

**GUZMAN, J.**

Before the Court is Plaintiff's Motion to Compel, [ECF No. 115], filed on July 29, 2026. Defendants opposed the Motion and the Court heard argument on the issue on August 21, 2026. [ECF Nos. 118, 119].

It is apparent by the filings and arguments presented to the Court that the parties did not adequately meet and confer pursuant to Local Rule 7.1. The Court will not opine on issues that the parties have failed to narrow for its consideration. The parties may reassert their arguments after a proper meet-and-confer, in accordance with the joint statement requirement outlined in this Order's conclusion.

Below are the Court's rulings, addressing the discovery disputes in turn.

## I. ISSUE 1: Information as to Previous "Activations" of the OCC

A negligent defective design theory remains pending in this case. Earlier iterations of this product are therefore relevant to Plaintiff's obligation to assert and present evidence of an alternative design. However, as proposed, the Plaintiff's requests are disproportional to the needs of this case. Federal Rule of Civil Procedure 26(b)(1) governs discovery practices, instructing that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevance for purposes of discovery is construed broadly, but it is not without limits. Bonner v. Triple S Mgmt. Corp., 68 F.4th 677, 684 (1st Cir. 2023) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

Defendants have agreed to provide information regarding activations of the original 2016 and at-issue 2023 iterations of the OCC.

The parties are ordered to meet and confer to narrow the scope of the discovery production as to this issue.

## II. ISSUE 2: Information Concerning Social Media and Marketing

Given the Court's reasoning in its Order in the motion to dismiss, and the theory of Plaintiff's case, social media and marketing are potential arguments under Plaintiff's negligent design claim and therefore, are relevant and discoverable. However, all social media and marketing from 2016 to 2023 is not proportional to the needs of this case.

The Court is inclined to grant limited discovery as to social media and marketing of the 2023 activation only. The parties are ordered to meet and confer to narrow the scope of the discovery production as to this issue.

## III. ISSUE 3: Warnings and Development of Warnings

In a product liability suit, failure to warn and design defect claims are distinct, independent claims. However, Massachusetts courts may consider whether adequate warnings are given with respect to use of a product in its consideration of a negligent design claim. Massachusetts follows the Third Restatement and its risk-utility balancing standard. The instructions and warnings accompanying a product are factors considered under this standard when determining whether a reasonable alternative design was practicable. See Evans v. Lorillard Tobacco Co., 990 N.E.2d 997, 1012 (Mass. 2013) (quoting Restatement (Third) of Torts: Products Liability § 2 comment f, at 23 (1998)).

The Court is inclined to grant limited discovery as to warnings and development of warnings of the 2023 activation only. The parties are ordered to meet and confer to narrow the scope of the discovery production as to this issue.

## IV. ISSUES 4, 5, & 6: Consumer Complaints and Prior Illnesses; Production Finances, Costs, Sales, and Profits; Representative Samples

Court intervention is premature. The Court will not opine on discovery issues which were not properly addressed in the parties' meet-and-confer. The parties may reassert these issues in a joint statement after properly conferring on them.

## V. CONCLUSION

The parties are expected to expeditiously resolve discovery disputes without filing motions to compel. Moving forward, if the parties cannot resolve a discovery dispute and Court intervention is required, the parties shall file a joint statement not exceeding fifteen (15) pages in length setting forth (1) the current status of discovery; (2) the nature of the dispute; (3) the efforts made by the parties to resolve the dispute; (4) the position of each party regarding the dispute,

including relevant case law and authorities; and (5) a certification under L.R. 7.1(a)(2) and L.R. 37.1(b) signed by counsel for each party that they have met and conferred in good faith to resolve the dispute.

The parties must cooperate in drafting the joint statement and expeditiously provide their respective contributions for consolidation. The Court is available to resolve disputes pursuant to this mechanism as they arise, provided that the requirements outlined above are met. Discovery motions must be filed in sufficient time for the Court to decide the motion before the deadline for the completion of discovery.

The parties will bear their own costs as to the Motion to Compel. Sanctions are not appropriate when "the opposing party's nondisclosure, response, or objection was substantially justified." FED. R. CIV. P. 37(A)(5).

For the reasons stated above, the Motion to Compel, [ECF No. 15] is **GRANTED IN PART** and **DENIED IN PART.**

**SO ORDERED.**

Dated: August 31, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge